# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.

STEPHEN V. WOLFF,

           Defendant.

Case No. 97-CR-125-JPS

**ORDER**

      In 1998, this Court ordered Stephen Wolff ("Wolff") to pay a total of $399,000.00 in restitution as a part of the sentence for a scheme to defraud. (Docket #18). Specifically, the Court ordered Wolff to pay $300,000.00 to victim Menac Associates, LTD, and $99,000.00 to Glenda L. Mason, widow of victim Donald Mason. (Docket #45 at 1). As of July 13, 2021, Wolff's outstanding restitution obligations total $141,907.46. Presently, he owes Ms. Mason $59,629.28.

      Before the Court is Wolff's motion in which he requests the Court to amend his judgment of conviction to adjust the restitution order. (Docket #39). According to Wolff's counsel's initial motion, both the Government and Ms. Mason agreed that restitution can be paid in full in the amount of $30,000.00. (*Id.* at 1). Wolff's counsel also submitted a copy of an unsolicited email from Ms. Mason's daughter, to which a signed letter from Ms. Mason was attached. (*See* Docket #42, #42-1, #42-2). In this letter, Ms. Mason "agrees to accept a lump sum payment of $30,000.00" as to the restitution in this case. (Docket #42-2). Because such filings were ambiguous as to whether the parties intend the $30,000.00 lump sum payment to satisfy the restitution as originally ordered or the outstanding balance, the Court

sought additional information. On June 15, 2021, Wolff's counsel clarified that the parties' objective is that the $30,000.00 lump sum payment would satisfy the outstanding restitution amount. (Docket #46).

Notably, the Government clarified that while it discussed this matter with Wolff's counsel, it would not be taking a position, but instead leaving it to the Court's discretion. (Docket #41). After Wolff requested a hearing, the Court ordered the Government to respond. (Docket #43). In its response, the Government explained that while it "would ordinarily oppose any effort to reduce a lawful restitution order following its entry . . . . [It] takes no position on Wolff's motion given Wolff's previous record of payments in this case and the settlement that he reached with Ms. Mason." (Docket #45 at 2). However, the Government also noted that, notwithstanding Wolff's agreement with Ms. Mason, it is unlikely that this Court can amend Wolff's restitution order.

The Mandatory Victims Restitution Act ("MVRA") requires Courts to order "that the defendant make restitution to the victim of the offense," if the offense is one "committed by fraud or deceit." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). "A sentence that imposes an order of restitution is a final judgment," *id.* § 3664(*o*), and a "restitution order is part of a convicted defendant's criminal sentence." *United States v. Hankins*, 858 F.3d 1273, 1276 (9th Cir. 2017).

Wolff invokes the MVRA for support, specifically "mov[ing] for an order amending the Judgment of Conviction pursuant to 18 U.S.C. § 3664(k) to adjust the restitution order to $30,000.000. [sic] And allow for a complete satisfaction upon payment of the same." (Docket #39 at 1). However, § 3664(k) permits the Court only to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." In

other words, the MVRA does not permit the Court to amend the amount of restitution.

To be sure, there are specific mechanisms by which a court may modify an imposed term of imprisonment. *See* 18 U.S.C. § 3582(c). For example, a court may reduce a defendant's sentence if it determines either (1) that there are extraordinary and compelling reasons warranting a reduction, or (2) that the defendant is at least 70 years old, has served at least 30 years in prison, and the Director of the Bureau of Prisons has determined that the defendant is not a danger to others or the community. *Id.* § 3582(c)(1)(A). Further, a court may modify a sentence pursuant to Federal Rule of Criminal Procedure 35. *Id.* § 3582(c)(1)(B). Rule 35 allows a court to correct a sentence (1) within 14 days after sentencing, if there is a "clear error," or, (2) if the Government moves for a sentence reduction based upon a defendant's substantial assistance in the Government's investigation or prosecution of another person. Fed. R. Crim. P. 35(a), (b). Finally, § 3582(c)(2) permits the Court to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . ." Thus, as the Government points out, § 3582(c) does not authorize the relief that Wolff seeks.

Because the Court does not have the authority to amend its restitution order as to Wolff, it must deny his motion. (Docket #39). However, as Chief Judge Pepper noted in *United States v. Dimoff*, Case No. 10-cr-134-pp, 2021 WL 2177659, at *3 (May 28, 2021), "[t]he defendant should receive credit against the restitution balance for any lump sum payment he makes." Further, it is the prerogative of the U.S. Attorney's Office to collect, or refrain from collecting, the balance of Wolff's restitution to Ms. Mason, in light of Wolff's routine restitution payments to her and

her purported agreement to a lump-sum payment in satisfaction of the outstanding restitution. *See id.*

Accordingly,

**IT IS ORDERED** that Wolff's motion for an amended order of restitution (Docket #39) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge